UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-20991-COOKE/BANDSTRA

STELIAN MARIAN TANCU,

    *Plaintiff,*

v.

CELEBRITY CRUISES, INC.,

    *Defendant.*

_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

**THIS CAUSE** came before me on Defendant's Motion to Compel Arbitration [D.E. 19], Plaintiff's Verified Response to Defendant's Motion to Compel Arbitration [D.E. 20], and Defendant's Reply to Plaintiff's Response [D.E. 23]. I am granting Defendant's Motion.

**I.**    *Background*

Plaintiff Stelian Marian Tancu filed a Complaint for Seaman against Defendant Celebrity Cruises, Inc. ("Celebrity") on or about July 28, 2008, stemming from an accident he suffered at sea while employed by Celebrity. [D.E. 1]. Celebrity seeks to compel arbitration pursuant to a Sign on Employment Agreement ("SOEA") signed by Tancu. The SOEA expressly incorporates the Collective Bargaining Agreement ("CBA") between Celebrity and the International Transport Workers' Federation.[1] Under the terms of the CBA, any dispute whatsoever between the two,

---

[1] The SOEA specifically states "I further understand and agree that the Collective Bargaining Agreement between the Company and the Union is incorporated into and made part of this Employment Agreement and that I and the Company are bound by its terms and conditions." [*See* D.E. 1-1].

including claims for personal injury, "shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards..."

**II.**     *Analysis*

A court conducts a very limited inquiry in deciding a motion to compel arbitration under the United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). *See Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (citations omitted). A district court must order arbitration unless (1) the four jurisdictional prerequisites are not met, or (2) one of the Convention's affirmative defenses applies. *Id.* at 1294-95. The four jurisdictional prerequisites are (1) there is an agreement in writing withing the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. *Id*. at 1294, n. 7. Further, the Convention requires that courts enforce an agreement to arbitrate unless the agreement is "null and void, inoperative or incapable of being performed." *Id*. at 1302 (citing Convention, art. II(3)).

Tancu does not contend that any of these criteria have not been met. Instead, he argues that the CBA is a "sham" because the union identified in the SOEA is merely an "alter ego" of Celebrity. Although Tancu makes strong allegations about the legitimacy of the union, the only support for this contention is the sworn statement of his counsel. Celebrity, however, has presented the sworn affidavit of Remo DiFiore, an official of the Federazione Italianan Trasporti,

the Italian union referenced in the SOEA. This affidavit belies Tancu's contention that the union is a "farce." Tancu also argues that the CBA was improperly incorporated by reference into the SOEA. This argument is without merit, in light of Tancu's signed acknowledgment that he received a copy of the CBA. [*See* D.E. 1-1].

Accordingly, I hereby

**ORDER AND ADJUDGE** as follows:

1. Defendant's Motion to Compel Arbitration [D.E. 19] is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED** without prejudice and **REFERRED** to binding arbitration.

3. All other pending motions are **DENIED AS MOOT**.

4. The clerk shall **CLOSE** this case.

**DONE AND ORDERED** in chambers in Miami, Florida, this 15th day of January 2010.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

cc:

The Honorable Ted E. Bandstra

*All Counsel of Record*