UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20991-CIV-COOKE/BANDSTRA

STELIAN MARIAN TANCU,

    Plaintiff
vs.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

**ORDER AWARDING ATTORNEY'S FEES AND COSTS
IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT**

THIS MATTER is before me on Plaintiff's Notice of Filing Watford Law Firm's Fees and Costs. (ECF No. 41). On May 18, 2011, I entered an Order Granting Plaintiff's Motion for Attorney Fees and Costs. (ECF No. 37). Defendant was ordered to pay all attorney's fees and costs associated with the filing of Plaintiff's "Emergency Motion to Remand to State Court on Ground Arbitration Panel Suspended Arbitration Proceedings and Cancelled Final Arbitration Hearing Due To Non-Payment of Arbitrator's Fees by Defendant in Violation of Arbitration Agreement and Motion for Attorney Fees and Costs." (ECF No. 33).

The track record in this case has maintained a common theme of delay since its inception. Plaintiff initiated trial proceedings in state court on July 29, 2008. On April 15, 2009, on the eve of trial, Defendant removed the action to this Court. Defendant then moved to compel arbitration in accordance with the terms and conditions of an arbitration agreement between the parties. On January 15, 2010, I dismissed this case without prejudice on Defendants motion to compel arbitration, finding that there was an agreement to arbitrate. On February 3, 2010, Plaintiff initiated arbitration proceedings with the International Center for Dispute Resolution ("ICDR"), a division of the American Arbitration Association. Pursuant to Article 33(s) of the arbitration agreement, Defendant is required to pay the costs of arbitration. On May 11, 2011,

the ICDR cancelled arbitration proceedings due to Defendant's nonpayment. Plaintiff promptly notified the Court of the suspension of the arbitration proceedings on May 12, 2011 and moved to remand the case to state court in hopes of adjudicating the case.

Defendant is no stranger to this type of case management. Defendant contends that it diligently participated in litigation and intended to resolve this dispute in arbitration. Defendant, however, failed to *diligently* pay the requisite arbitration costs. Having carefully reviewed the record and defendant's conduct, or lack thereof, I find that a reasonable person in Defendant's position would have promptly paid the costs of arbitration. Defendant's dilatory tactics were unreasonable and warrant a finding of bad faith. Accordingly, I hereby **ORDER and ADJUDGE** that Plaintiff is granted $6,700.00 in attorney's fees and $1,982.23 in costs for a total of **$8,682.23**, to be paid by Defendant.[1] Defendant shall remit payment to Plaintiff within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED AND ADJUDGED** that having received notice of Defendant's payment for arbitration proceedings (ECF No. 42), and notice of the rescheduled arbitration proceedings currently set for August 29, 2011, August 30, 2011 and September 1, 20011, this case is referred to binding arbitration. Defendant shall be responsible for all costs associated with Plaintiff having to return to Miami, Florida for arbitration, currently set for August 29, 2011, August 30, 2011, and September 1, 2011. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida this 11th day of July 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

---

[1] To the extent Defendant challenges the amount of attorney's fees, the Court finds Rebecca Watford's hourly rate of $400/hour to be reasonable.